# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

No. 26-cv-03707 (RER)

_____

EDILSON LEONEL CENTENO ROCHEZ

VERSUS

KENNETH GENALO, MARKWAYNE MULLIN,
AND TODD BLANCHE

————————————

**MEMORANDUM & ORDER**

————————————

**RAMÓN E. REYES, JR., District Judge:**

On June 13, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner Edilson Leonel Centeno Rochez in the Bronx, New York. (ECF No. 1 at 1, 3). Petitioner was ultimately transferred to the Metropolitan Detention Center in Brooklyn. (*Id.* at 4). Petitioner then sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*Id.* at 1). The Court previously granted the Petition, promising to issue a written decision explaining the reasons for doing so. (ECF No. 13). This is that decision.

## BACKGROUND

Petitioner is a citizen of Honduras who came to the United States in 2021 on a C-1 visa and did not depart. (ECF No. 1 at 3; ECF No. 9-1 at ¶¶ 2-3). He has resided in the United States for more than five years. He has no criminal record. (ECF No. 1 at 3; ECF No. 9-1, Ex. A at 3). ICE officers arrested Petitioner on June 13, 2026, and removal proceedings were initiated against him that same day. (ECF No. 9-5 at 2).

On June 19, 2026, Petitioner initiated this action by filing a petition for a writ of habeas corpus. (ECF No. 1 at 1). On June 22, 2026, the Court issued an Order directing respondents to show cause in writing why a writ of habeas corpus should not be issued. (ECF No. 4). Respondents did so on June 26, 2026. (ECF No. 9). Petitioner replied on June 29, 2026. (ECF No. 10). The Court held a show cause hearing on July 1, 2026, during which Respondents submitted additional evidence in opposition to the writ. (ECF No. 11). At the conclusion of the hearing, the Court reserved decision on the Petition. (ECF No. 12). On July 2, 2026, the Court granted the Petition and ordered Petitioner's release. (ECF No. 13). Petitioner was released on July 2, 2026 at 6:22 P.M. (ECF No. 15).

## **LEGAL STANDARD**

A district court is empowered "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

The Due Process Clause of the Fifth Amendment bars the government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. This applies to all persons within the United States, including noncitizens in removal proceedings. *E.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 492 (S.D.N.Y. 2025).

Under section 1226(a), the Attorney General, or its designated officers, may "arrest" or "detain" a noncitizen pending a removal decision. 8 U.S.C. § 1226(a). "But before the Government may exercise such discretion to detain a person, Section 1226(a) and 8 C.F.R. 1236.1(c)(8) require ICE officials to make an individualized custody determination." *Gopie v. Lyons*, No. 25-CV-05229 (SJB), 2025 WL 3167130, at *2 (E.D.N.Y. Nov. 13, 2025) (citation omitted). "ICE must allow the noncitizen to demonstrate to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the noncitizen is likely to appear for any future proceeding." *Kelly v. Almodovar*, No. 25 Civ. 644 (AT), 2025 WL 2381591, at *3 (S.D.N.Y. Aug. 15, 2025) (citation and brackets omitted).

## **DISCUSSION**

The decision here centers on the adequacy of Petitioner's "individualized custody determination." In the context of section 1226(a) detentions, the Court has jurisdiction to assess "whether and how correct procedures were applied" and whether a petitioner's detention adheres to due process. *See Pastrana-Beltran v. Mullin*, No. 26-CV-2657 (RER), 2026 WL 1398609, at *3 (E.D.N.Y. May 19, 2026); *see also Grance v. Maldonado*, No. 26-CV-3346 (AMD), 2026 WL 1815931, at *3 (E.D.N.Y. June 24, 2026) (internal citations omitted); *Batten Herrera v. Blanche*, No. 26-cv-3321 (OEM), 2026 WL 1674206, * 2 (E.D.N.Y. June 9, 2026); *Curimilma Quille v. Blanche*, No. 26-CV-2818 (HG), 2026 WL 1453889, at *3 (E.D.N.Y. May 22, 2026) (internal citations omitted); *Cajamarca-Janza v. Soto*, 26-CV-3066 (HG), 2026 WL 1506777, at *3 (E.D.N.Y. May 29, 2026). Because the Court concludes that Respondents did not apply correct procedures during the purported "individualized custody determination," ignored contrary facts in the record, and

came to a predetermined decision that Petitioner was not entitled to release, it concludes that Petitioner's due process rights were violated.[1]

First, the government's statements that Petitioner "illegally overstayed his period of admission, was previously denied a visa, failed to alert DHS of his presence, and failed to register as required in the Alien Registration Act" are invalid premises for its' flight risk finding. (ECF No. 9 at 3-4). Per se determinations based on status alone, as opposed to the factors listed on the form, do not comport with section 1226(a)'s requirements. *Pastrana-Beltran*, 2026 WL 1398609, at *2 (citing *Inestroza Carbajal v. Frazier*, No. 26-cv-2778, 2026 WL 1309265 at *4 (E.D.N.Y. May 12, 2026)). Such rationales have repeatedly been rejected in this jurisdiction. *E.g.*, *Cajamarca-Janza*, 2026 WL 1506777 at *5; *Curimilma Quille*, 2026 WL 1453889, at *3.

Second, the government's remaining grounds, *i.e.* that Petitioner "has no ties to community" and "no permanent address," are directly contradicted by the record. (ECF No. 11-2 at 2 ("Ex. A")). The I-213 Form the government submitted provides: "CENTENO-ROCHEZ claims he has one USC child residing with her mother in the United States" (ECF No. 9-2 at 4), and a spouse (Id.).[2] Further, the government collected and reviewed

---

[1] Ordinarily, courts engage in a three-part analysis under *Mathews v. Eldridge*, 424 U.S. 319 (1976) to determine whether ICE's detention determination violates a petitioner's due process rights. *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020); *Cajamarca-Janza*, 2026 WL 1506777, at *5. Given the weight of district court authority that errors in the initial custody determination necessarily leads to a due process violation, the Court finds it unnecessary to engage in an extended *Mathews v. Eldridge* analysis. *E.g. Curimilma Quille*, 2026 WL 1453889, at 3-7; *Cajamarca-Janza*, 2026 WL 1506777 at 2-5.

[2] In his declaration, the officer provided the following post-hoc reasoning, "I also determined that although Petitioner has a United States Citizen child, Petitioner informed ICE that the child resides with the child's mother and therefore that Petitioner did not have ties to the community." (ECF No. 11-1 at 3). However, a family member need not reside with a petitioner to constitute a community tie. Rather, "[t]he fact that Petitioner has family in the community, in and of itself, speaks to his ties." *Cajamarca-Janza*, 2026 WL 1506777, at *4.

Petitioner's New York drivers' license, which lists a New York address. *Id.* Prior to his arrest, Petitioner resided at the same address for the past two years. (ECF No. 10-1 at 1). Not only do factual errors evince faulty application of section 1226(a) procedures, they also in effect impede due process. *Curimilma Quille*, 2026 WL 1453889, at *5. When the government "fail[s] to include accurate information on the initial custody form" it "effectively foreclos[es]" a petitioner from demonstrating to the officer that they do not pose a flight risk. *Cajamarca-Janza*, 2026 WL 1506777, at *5; *see also Nazarenko v. Genalo,* No. 26-CV-3098-SJB, 2026 WL 1470394, at *4 (E.D.N.Y. May 26, 2026).

## **CONCLUSION**

For these reasons, Petitioner's detention violated the Due Process Clause of the Fifth Amendment, and his Petition for a writ of habeas corpus (ECF No. 1), was granted (ECF No. 13). The Court has received the notice of release. (ECF No. 15). The Clerk of Court is directed to enter final judgment and close the case.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 6, 2026
        Brooklyn, New York